IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, A/S/O TERRY HOBBS, § § § § | | |
| Plaintiff, § § | | |
| vs. § | CIVIL ACTION NO.3:19-cv-00844-N | |
| § | | |
| BRADFORD WHITE CORPORATION, § § | **Jury Demand** | |
| Defendant. § | | |

## DEFENDANT'S FIRST AMENDED ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

COMES NOW, BRADFORD WHITE CORPORATION ("Defendant" or "Bradford White"), Defendant in the above-styled and numbered cause, and files this its First Amended Answer pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, answering Plaintiff's Original Petition (the "Petition") as follows:

### JURY DEMAND

1. Defendant respectfully demands a trial by jury with respect to any and all issues of fact.

### ADMISSIONS AND DENIALS

2. With respect to the allegations in the introductory paragraph of the Petition, Defendant admits that Allstate Fire and Casualty Insurance Company is the Plaintiff who filed this action as subrogee of its insured, Terry Hobbs, against Bradford White.

3. Plaintiff's allegations in Section I of the Petition regarding the discovery control plan level is irrelevant now that the case has been removed to federal court. With respect to the remaining allegations of Section I, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant.

4. With respect to the allegations in Section II of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding the relationship between Plaintiff and its insured, Terry Hobbs, and the specifics of the insurance provided by Plaintiff to Hobbs. However, Defendant believes that Plaintiff is an insurance company licensed to do business in Texas and that its insured, Terry Hobbs, resides at 1925 Westcreek Drive, Garland, Texas 75042.

5. With respect to the allegations in Section III of the Petition, Defendant admits that it was properly served with process and subsequently appeared in this matter.

6. With respect to the allegations in Section IV of the Petition, Defendant denies any wrongful conduct on its part, but admits that venue is proper in Dallas County, Texas as the events giving rise to this lawsuit occurred within Dallas County. However, Defendant asserts that venue is also proper in the Dallas Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1446(a). Defendant admits that this Court has original jurisdiction over this action based on diversity of citizenship among the parties and the amount in controversy being greater than $75,000.

7. With respect to the allegations contained in Section V of the Petition, Defendant admits that it designs, manufactures and distributes water heaters to wholesale distributors. Defendant further admits that it manufactured a natural gas water heater with a model number of MI5036FBN-394 and a serial number of FM12785951, which indicates a manufacture date of December 2009. With respect to the remaining allegations of Section V of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding the installation site of the water heater, the date of the alleged failure of the water heater, the alleged damage to the real and personal property following the alleged failure of the water heater, or the subsequent insurance claim process. All remaining allegations in Section V of the Petition are denied.

8. With respect to the first paragraph of Section VI of the Petition, Defendant incorporates by reference their responses to all previous paragraphs of the Petition as if fully set forth herein. The remaining allegations in Section VI of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

9. With respect to the allegations in Section VII of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant. The remaining allegations in Section VII of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

10. With respect to the allegations in Section VIII of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant. The remaining allegations in Section VIII of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

11. With respect to the first paragraph of Section IX of the Petition, Defendant incorporates by reference their responses to all previous paragraphs of the Petition as if fully set forth herein. The remaining allegations in Section IX of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

12. With respect to the allegations in Section X of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant. The remaining allegations in Section X of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

13. With respect to the first paragraph of Section XI of the Petition, Defendant incorporates by reference their responses to all previous paragraphs of the Petition as if fully set

forth herein. The remaining allegations in Section XI of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

14. With respect to the allegations in Section XII of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant. The remaining allegations in Section XII of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

15. With respect to the first paragraph of Section XIII of the Petition, Defendant incorporates by reference their responses to all previous paragraphs of the Petition as if fully set forth herein. With respect to the second paragraph of Section XIII of the Petition, Defendant denies that Plaintiff's insured did nothing to cause the alleged malfunction of the water heater at issue. Defendant further denies that the water heater at issue was installed in a suite occupied by the New St. Peter Presbyterian Church. The remaining allegations in Section XIII of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

16. With respect to the allegations in Section XIV of the Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature or amount of the damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged

damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant.

17. The allegations in Section XV of the Petition are legal conclusions for which no response is required. However, Defendant otherwise denies the allegations.

18. With respect to the allegations in Section XVI of the Petition, Defendant admits that it has been cited to appear and answer and has appeared and answered herein. Defendant denies that Plaintiff is entitled to judgment against Defendant, denies that Plaintiff is entitled to recover any damages from Defendant, and denies that Plaintiff is entitled to all further relief, general or special, at law or in equity, to which Plaintiff may show itself justly entitled.

## AFFIRMATIVE DEFENSES

19. Defendant asserts that Plaintiff has no rights and/or claims greater than that of its subrogor and is therefore subject to the same defenses and bars as would be applicable to the subrogor.

20. Defendant pleads that it committed no acts or omissions of strict liability, negligence or breach of warranty, proximately causing Plaintiff's alleged damages.

21. Defendant denies that any design, manufacturing or marketing defect existed in the product at issue that proximately caused Plaintiff's alleged damages. Defendant denies any condition, component, or function of the product at issue, as originally designed, manufactured and/or sold, was a producing and/or proximate cause of Plaintiff's alleged damages. Defendant further denies any negligence as alleged by Plaintiff in the design, manufacturing or marketing of the product at issue that proximately caused Plaintiff's alleged damages.

22. Defendant asserts that the product at issue was reasonably fit, suitable and safe for its intended purpose at the time it entered the stream of commerce.

23. Defendant asserts that Plaintiff's claims are barred because the product at issue conformed to the technological, scientific, and industrial state-of-the-art at the time the product was first sold.

24. Defendant asserts the provisions of §§ 82.005 and 82.008 of the Texas Civil Practice & Remedies Code as they relate and/or are applicable to Plaintiff's design, manufacturing and marketing defect allegations.

25. Defendant asserts that Plaintiff was negligent with respect to the occurrence in question, including but not limited to failing to properly install, inspect, maintain and/or repair the water heater in accordance with manufacturer's instructions, and that their negligence, fault, acts and/or omissions were the sole proximate cause, or in the alternative, a contributing proximate cause of this occurrence and Plaintiff's damages, if any.

26. Defendant asserts that Plaintiff is barred from recovery pursuant to the doctrine of assumption of the risk.

27. Defendant asserts that the negligence, fault, responsibility, acts and/or omissions of other responsible third parties or other entities or persons over which Defendant had/has no control, bar in whole or in part Plaintiff's claims for damages, including but not limited to the installer of the water heater who failed to properly install the water heater. Such negligence, fault, responsibility, acts and/or omissions on the part of others were either the sole, new, independent, concurring, intervening or superseding cause of the occurrence in question and Plaintiff's damages, if any.

28. Defendant asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

29. Defendant asserts that Plaintiff's breach of warranty claims are barred, in whole or in part, due the existence of a limitation and/or disclaimer.

30. Defendant asserts that Plaintiff's breach of warranty claims are barred, in whole or in part, due to Plaintiff's failure to provide timely notice and/or opportunity to cure.

31. Defendant asserts that Plaintiff's claims for damages are barred in whole or in part, due to their failure to mitigate damages.

32. Defendant asserts that Plaintiff's claims are bared in whole or in part in that Plaintiff's damages, if any, were the result, in whole or in part, of a preexisting condition(s), and were not the result of any act and/or omission of Defendant.

## **RESERVATION OF DEFENSES AND OBJECTIONS**

33. Because Plaintiff's pleadings are so vague, Defendant cannot reasonably anticipate additional defenses which it may assert depending upon the actual allegations of Plaintiff. Defendant reserves the right to assert additional defenses and objections in the event that further investigation, discovery or rulings of the Court indicate that additional defenses or objections would be appropriate.

**WHEREFORE**, Defendant Bradford White Corporation prays that Plaintiff Allstate Fire and Casualty Insurance Company, as subrogee of Terry Hobbs, take nothing by its suit and that Defendant be discharged from all liability, and for such other and further relief, at law or in equity, to which Defendant may show itself entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: /s/ *Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
kriney@krcl.com
Johnathan D. Jordan
State Bar No. 24100509
jjordan@krcl.com

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 9th day of April 2019, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

/s/ *Kenneth C. Riney*
Kenneth C. Riney